<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRESSKILL VOLUNTEER FIRST AID SQUAD, Et al. | |
| Plaintiffs, | CIVIL ACTION NO. 05-3294 (DRD) |
| v. | |
| BOROUGH OF CRESSKILL, Et al., | **OPINION** |
| Defendants. | |

<u>Appearances</u>

POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER, P.A.
David L. Epstein, Esq.
425 Eagle Rock Avenue - Suite 200
Roseland, New Jersey 07068-1717
 *Attorneys for Plaintiffs*

HILL WALLACK
James G. O'Donohue, Esq.
Christina L. Saveriano, Esq.
202 Carnegie Center - CN 5226
Princeton, New Jersey 08543-5226
 *Attorneys for Defendants Borough of Cresskill, Mayor Benedict Romeo, Keith Brassel,*
*James Cleary, John McCann, Carolyn Schultz, Thomas Thomasma, and Keith Brigley*

THOMAS B. HANRAHAN & ASSOCIATES
Thomas B. Hanrahan, Esq.
80 Grand Avenue
River Edge, New Jersey 07661
 *Additional Attorneys for Defendants Borough of Cresskill, Mayor Benedict Romeo, Keith*
*Brassel, James Cleary, John McCann, Carolyn Schultz, Thomas Thomasma, and Keith Brigley*

SCARINCI & HOLLENBECK, LLC
Robert E. Levy, Esq.
Anthony P. Seijas, Esq.
1100 Valley Brook Avenue

P.O. Box 790
Lyndhurst, New Jersey 07071-0790
    *Attorneys for Defendants Arthur McLaughlin and Norman Saunders*


**DEBEVOISE, Senior District Judge**

      Plaintiffs, Cresskill Volunteer First Aid Squad ("The Squad"), the New Jersey State First

Aid Council, Inc. ("NJSFAC"), Carl Wallin (a member and former officer of the Squad), and

Peter Olivieri (a member of the Board of Trustees of the Squad), filed suit on June 29, 2005,

against Defendants.  The Defendants were the Borough of Cresskill and various of its officials as

well as John Does 1-25.  In an opinion and order dated December 8, 2005, this Court dismissed

Plaintiffs' federal claims with prejudice and dismissed their state law claims without prejudice.

On December 22, 2005 and December 23, 2005, the Defendants filed two separate motions for

sanctions pursuant to Fed. R. Civ. P. 11.  Defendants argue that they are entitled to attorneys'

fees because Plaintiffs' claims were frivolous in nature.

## I. <u>DISCUSSION</u>

      Under L. Civ. R. 11.3, "All applications for sanctions pursuant to Fed. R. Civ. P. 11 shall

be filed with the Clerk prior to the entry of final judgment . . . ."  Rule 11.3 was first adopted in

<u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 100 (3d Cir. 1988) as a supervisory rule for the

courts in the Third Circuit.  In that case, the court expressed its concern for judicial economy,

pointing out the inefficiencies that result when a motion for sanctions is delayed.  As the court

noted, a delayed filing of a motion for sanctions may prevent the Court of Appeals from

addressing the issue of sanctions in an initial appeal, thereby triggering a second appeal

involving many of the same issues.  <u>Id.</u> at 99-100.  To avoid such inefficiencies, the court

adopted the above rule requiring that motions for sanctions be filed prior to a final judgment in the District Court.  See Also Piscitelli v. Mirow (In re Nicola), 65 Fed. Appx. 759, 761-62 (3rd Cir. 2003); Simmerman v. Corino, 27 F.3d 58, 59 (3d Cir. 1994); Hockley v. Shan Enterprises, 19 F. Supp. 2d 235, 238 (D.N.J. 1998).

In the present case, Plaintiffs' action was dismissed on December 8, 2005 and the motions for sanctions were not filed until December 22, 2005 and December 23, 2005. Therefore, Defendants' time for filing this motion has expired and it will be denied.[1]

## II.  **CONCLUSION**

For the reasons set forth above, Defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11 will be denied.  The Court will enter an order implementing this opinion.

        /s/ Dickinson R. Debevoise
        DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: January 23, 2006

---

[1] Insofar as Plaintiffs, via their opposition briefs, cross-move for sanctions against Defendants for filing a "frivolous motion for sanctions," the Court finds no facts showing that Defendants raised this motion to harass,  to cause unnecessary delay, or to needlessly increase the cost of litigation.  The Court finds no basis for awarding attorneys' fees pursuant to Rule 11(c)(1)(A).